IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PHILLIP WAYNE ARNOLD                                      PLAINTIFF

                v.                         Civil No. 11-5271

LEANNA HOUSTON, Public
Defender                                                           DEFENDANT

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Phillip W. Arnold, at the time, an inmate of the Washington County Detention Center, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The *in forma pauperis* (IFP) application he submitted was incomplete. For this reason, an order (Doc. 3) was entered giving Plaintiff until December 19, 2011, to submit a completed IFP application and account certificate or pay the $350 filing fee. Plaintiff was advised that if he failed to return the completed IFP application or pay the $350 filing fee by December 19, 2011, the complaint would become subject to summary dismissal for failure to obey an order of the Court. Plaintiff was further advised that he was required to immediately inform the Court of any change of address.

On December 16, 2011, the clerk received returned mail marked no longer at this facility. On December 22, 2011, Court personnel obtained the home address provided by Plaintiff to the detention center when he was booked in. A change of address (Doc. 4) was entered on his behalf. Plaintiff was again advised that failure to keep the Court informed of his current address would result in the summary dismissal of the case. Mail sent to this address was returned as undeliverable.

Plaintiff has not provided the Court with a new address. No other address is available to the Court.

-1-

I therefore recommend that the complaint be dismissed with prejudice based on the Plaintiff's failure to obey the orders of the Court. Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of January 2012.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE